NO. 07-04-0294-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 12, 2005



______________________________




JOE W. NELSON, APPELLANT



V.



LUBBOCK CENTRAL APPRAISAL DIST., APPELLEE




_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-732,542; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 As assignee of Joe W. Nelson, appellant Samuel Brown Silverman perfected this
appeal from the trial court's order granting claims to excess proceeds. By letter dated
November 30, 2004, this Court notified Silverman that appellant's brief was due on or
before December 30, 2004, indicating that failure to comply might result in dismissal for
want of prosecution pursuant to Rule 38.8(a)(1) of the Texas Rules of Appellate Procedure. 
Silverman did not respond and the brief remains outstanding.

 Accordingly, we dismiss this appeal for want of prosecution and failure to comply
with a directive of this Court. See Tex. R. App. P. 38.8(a)(1); 42.3(b) & (c).

 Don H. Reavis

 Justice



reakConstrainedForcedTables/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00359-CR, 07-09-00360-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



AUGUST
12, 2010

 



 

BARRY JACK HAWKINS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 251ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 49,560-C, 49,561-C; HONORABLE ANA ESTEVEZ, JUDGE



 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK , JJ.

 

 

MEMORANDUM OPINION

 

Appellant,
Barry Jack Hawkins, was convicted of a violation of section 550.021 of the
Texas Transportation Code,[1]
accident involving injury or death (Appellate Cause No. 07-09-0360-CR), and at
the same time was convicted of a violation of Texas Penal Code section
37.09(d)(1),[2]
tampering with physical evidence (Appellate Cause No. 07-09-0359-CR).  Appellant entered a plea of guilty to both
offenses.  In No. 07-09-0359-CR, punishment
was assessed at confinement in the Institutional Division of the Texas
Department of Criminal Justice (ID-TDCJ) for a period of five years.  The sentence of confinement was suspended, and
appellant was placed on community supervision for 10 years.  In No. 07-09-0360-CR, appellant was sentenced
to 10 years confinement in the ID-TDCJ.  The sentence of confinement was suspended, and
appellant was placed on community supervision for ten years.  Subsequently, the State filed a motion to
revoke each of the community supervisions, and appellant entered a plea of true
to the allegations contained in the motion to revoke community
supervision.  After hearing punishment
evidence, the trial court assessed appellants punishment at five years
confinement in ID-TDCJ with a fine assessed of $3,000 in No. 07-09-0359-CR and
10 years confinement in the ID-TDCJ in No. 07-09-0360-CR.  The sentences are to run concurrently.  Appellant appeals the judgment of the trial
court.

Appellant=s attorney has
filed an Anders brief and a motion to withdraw.  Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.
2d 498 (1967). 
In support of her motion to withdraw, counsel certifies that she has
diligently reviewed the record, and, in her opinion, the record reflects no
reversible error upon which an appeal can be predicated.  Id. at 744-45.  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in
the trial court=s judgment.  Additionally, counsel has certified that she
has provided appellant a copy of the Anders brief and motion to withdraw
and appropriately advised appellant of his right to file a pro se
response in this matter.  Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App.
1991).  The Court has also advised
appellant of his right to file a pro se response.  Appellant has not filed a response.

By her Anders brief, counsel raised a ground that
could possibly support an appeal, but concludes the appeal is frivolous.  We have reviewed this ground and made an
independent review of the entire record to determine whether there are any
arguable grounds which might support an appeal. 
See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe
v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We have found no such arguable
grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel=s motion to
withdraw is hereby granted, and the trial court=s judgment is
affirmed.[3]

 

                                                                                                Mackey
K. Hancock

Justice

Do not publish.

 

 











[1] See Tex.
Transp. Code Ann. § 550.021
(Vernon Supp. 2009).

 





[2] See Tex.
Penal Code Ann. § 37.09(d)(1) (Vernon Supp.
2009).





[3] Counsel shall, within five days
after this opinion is handed down, send her client a copy of the opinion and
judgment, along with notification of appellant=s right to file a pro se petition for discretionary
review.  See Tex. R. App. P. 48.4.